J-S32010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT K. DAVIS, | |
| Appellant | No. 2050 EDA 2015 |

Appeal from the PCRA Order June 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0300791-2001

BEFORE: BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Robert Davis appeals *pro se* from the order entered June 8, 2015 treating two motions as untimely requests for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The procedural history of this case is complex and we set forth only those matters pertinent to this appeal. Appellant was sentenced on October 9, 2001, to an aggregate term of twelve and one-half to twenty-five years imprisonment. In September of 2004, Appellant's direct appeal rights were reinstated. We affirmed judgment of sentence on March 22, 2006. ***Commonwealth v. Davis***, 898 A.2d 1126 (Pa.Super. 2006) (unpublished memorandum). On July 20, 2006, our Supreme Court denied Appellant's petition for discretionary review. ***Commonwealth v. Davis***, 903 A.2d 536

_____
* Retired Senior Judge assigned to the Superior Court.

(Pa. 2006). Appellant did not seek review with the Supreme Court of the United States. Therefore, his sentence became final ninety days later, on October 18, 2006. 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review."); U.S.Sup. Ct. R. 13(1) (petition for a writ of certiorari is timely when filed within 90 days after entry of the judgment).

However, prior to our Supreme Court's July 20, 2006 order, Appellant filed a series of *pro se* petitions for relief in the Court of Common Pleas of Philadelphia County. The trial court erroneously denied the petitions as untimely and, on appeal, we vacated and remanded for appointment of counsel. **Commonwealth v. Davis**, 963 A.2d 563 (Pa.Super. 2008) (unpublished memorandum). On remand, Appellant's counsel filed a **Turner/Finley**[1] no-merit letter. The PCRA court thereafter issued, on April 20, 2010, a notice of intent to dismiss the petition.

The procedural history becomes convoluted at this point. As we ultimately explained on appeal:

> The certified record shows that, on May 18, 2010, the PCRA court issued another Notice of intention to dismiss Davis's PCRA Petition. However, the PCRA court stated in its Opinion that it actually had *dismissed* Davis's PCRA Petition on May 18, 2010.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

>   The Commonwealth agreed that the PCRA court *dismissed* Davis's PCRA Petition on May 18, 2010.
>
>   On July 14, 2010, Davis filed a *pro se* PCRA Petition, alleging that the PCRA court "fail[ed] to forward a Notice of appeal to appellate court pursuant to document dated 6/10/10," and other allegations. Davis also filed various *pro se* pleadings to respond to the Rule 907 Notice, "one of which appeared to be a request to file a *nunc pro tunc* appeal from the dismissal [of his PCRA Petition] …."
>
>   On August 3, 2010, the PCRA court entered the following Order: "[Davis's] request to file a *nunc pro tunc* Appeal from this Court's 5/18/2010 dismissal of his PCRA Petition, is Denied."
>
>   On August 4, 2010, Davis filed a *pro se* "Notice," which is unintelligible. According to the PCRA court, Davis also filed a *pro se* appeal on August 18, 2010. Likewise, this Court's docket reveals that Davis filed this *pro se* appeal on August 18, 2010.

*Commonwealth v. Davis*, No. 2306 EDA 2010, unpublished memorandum at 4-5 (Pa.Super. filed October 24, 2011) (citations and footnotes omitted; alterations and emphases in original). We noted that the August 18, 2010 notice of appeal was untimely with respect to the denial of his timely PCRA petition, "which occurred on either May 18 or June 3, 2010." *Id*. at 5. We therefore found the appeal was limited to the August 3, 2010 order denying a request to reinstate PCRA appellate rights *nunc pro tunc*. We denied relief since Appellant did not brief any issues relating to the August 3, 2010 order.

We now turn to the instant appeal, which is from the June 8, 2015 order denying two *pro se* motions, which were filed on March 20, 2015 and May 8, 2015. The order summarily denied the motions for "failing to state a cognizable claim and being generally unintelligible and improperly filed."

Order, 6/08/15. Appellant timely appealed and the court filed its Pa.R.A.P. 1925(a) opinion on January 11, 2016.[2]

Preliminarily, we note that Appellant claims the trial court's June 8, 2015 order disposed of requests for relief he filed September 15, 2011, and July 9, 2014. Appellant's brief at 3. As is apparent from the order, those petitions are not included in this appeal.[3] The trial court's opinion properly addressed only the two motions referenced in the order. Therein, the trial court concluded that the petitions were untimely:

> This is an appeal from the denial of what the court treated as the latest in an untold number of [Appellant]'s attempts to obtain relief under the Post Conviction Relief Act[.]
>
> . . .
>
> The specific order of June 8, 2015, disposing of two more submissions from [Appellant], apparently again seeking post judgment relief and from which this appeal has been taken, read as follows:

> **ORDER**
> PETITIONER PRO SE:
> 1. Motion for Judicial Notice for Summary Judgment on the pleadings within the PCRA Act; (filed on or about 3/19/15)

---

[2] The trial court did not order Appellant to file a Rule 1925(b) statement.

[3] One of the motions denied by the June 8, 2015 order sought to "adopt and incorporate PCRA – Memorandum of Law, Received September 15, 2011." Motion, 03/20/15, at 1. This language perhaps explains Appellant's position.

> 2. Praecipe for An Nugatory Signed Order; (filed on or about 5/6/15)
>
> are DENIED as Failing to State a Cognizable Claim and being generally unintelligible and improperly filed.

The wordings of the two titles of the pleadings set forth in the order are the [Appellant]'s *verbatim*, without the citations to the completely inapplicable rules of evidence and procedure he included, and the propriety of the court having summarily dismissed them can be demonstrated to have been evident by only quoting the first paragraph of the second, all of the others in both pleadings being of the same vain [sic]

> (1) Pursuant To The Collateral Source Rule, Assail Document No. 180 EM 2014. Dated January 16, 2015. Legal Counsel Of The Court Adminstrator Of Pa., A. Taylor Williams.

The only phrases in the documents that could be remotely considered to be prayers for relief are "Fair Trial To The Defendant", citations omitted, and "To Bolster The Authority For A Nugatory Order, Adopt And Incorporate In Whole The Motion Received In This Office March 20, 2015 For Summary Judgment On The Pleadings". The Miscellaneous Docket number referred to in the cited paragraph represents [Appellant]'s Application for Extraordinary Relief, which apparently did not include a reference to the lower court's docket, filed in this [c]ourt on December 29, 2014, and summarily denied on January 27, 2015.

Needless to say, the PCRA court's ruling needs only a brief justification. As all of the [Appellant]'s submissions had increasingly become, those two subject to this appeal consist solely of incoherent gibberish. There is no question that the court has met the standards of review in denying relief, *i.e.*, its decision being obviously "supported by the record and free of legal error" . . . It is also obvious that the submissions were untimely and [Appellant] did not establish, let alone even mention, any reasons why they should be considered otherwise. And since the defendant has failed to even allege the existence of any facts in support of his burdens to prove merit and at least

one timeliness exception, the court was not required to conduct
any further proceedings.

Trial Court Opinion, 1/11/16, at 1, 3-4.

Our standard of review is well-settled. We determine whether the PCRA court's order is supported by the record and free of legal error. *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170-71 (Pa.Super. 2008). Whether a petition is timely raises a question of law and our standard of review is *de novo*. *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013).

We address the timeliness of Appellant's petition as it implicates our jurisdiction. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super. 2013). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9543(b)(1). As previously discussed, Appellant had until October 18, 2007 to file a timely PCRA. Thus, the present petitions are untimely unless one of the statutory exceptions to the one-year time limit, as set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), applies. It is Appellant's burden to allege and prove that one of these exceptions applies. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted). He has failed to do so. Neither his petitions nor brief discusses the statutory exceptions. *See Commonwealth v. Lewis*, 63 A.3d 1274, 1279 (Pa.Super. 2013) ("Our review of [Appellant]'s brief reveals that he

has not properly asserted an exception to the PCRA's timeliness requirements.")

Like the trial court and the panel of our learned colleagues who previously adjudicated Appellant's appeal before this Court, we find Appellant's arguments largely incomprehensible. The only reference to the statutory time-bar is a citation to 42 Pa.C.S. § 9545(a), which confers original jurisdiction of a PCRA petition in the relevant court of common pleas. Appellant follows this citation with the bizarre argument that "the trial court . . . has *carte blanche* to abrogate threshold mandated procedure." Appellant's brief at 11 (capitalization omitted). Additionally, Appellant asserts that these petitions may be reviewed because all prior counsels were ineffective. Such claims of ineffectiveness do not overcome the time-bar. ***Commonwealth v. Holmes***, 79 A.3d 562, 583-84 (Pa. 2013) ("[T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of trial counsel ineffectiveness defaulted by initial-review PCRA counsel.")

Finally, we note the court correctly treated these motions as requests for relief under the PCRA. The PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542. Issues that can be raised under the PCRA *must* be advanced in a timely PCRA petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013).

Appellant's myriad allegations of error are cognizable under the PCRA and the trial court correctly treated the petitions as such. While the trial court did not issue a notice of intent to dismiss as required by Pa.R.Crim.P. 907, Appellant has not challenged that defect. Thus, any objection to the lack of notice is waived. ***Commonwealth v. Boyd***, 923 A.2d 513, 514, n.1 (Pa.Super. 2007). Moreover, we are not obliged to reverse or remand for a proper notice if the petition itself is untimely. ***See Commonwealth v. Davis***, 916 A.2d 1206, 1207-08 (Pa.Super. 2007) (citing ***Commonwealth v. Pursell***, 749 A.2d 911, 917, n.7 (Pa. 2000)). Since these petitions are untimely and Appellant has neither proven nor pled an exception to the time-bar, we affirm.

After filing this appeal, Appellant filed five requests for relief with this Court, which are all meritless.

Appellant's applications filed on March 4, 2016, March 7, 2016, March 31, 2016, April 6, 2016, and April 13, 2016 are denied. Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016